963 F.2d 377
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of AMERICA, Appellee,
v.
Dwight WATKINS, Appellant.
 No. 92-1125.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 21, 1992.
Filed: May 27, 1992.
 
 Before McMILLIAN, WOLLMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Dwight Watkins appeals from the district court's[1] order denying his "Motion for Modification of Sentence." We affirm.
 
 
 2
 Watkins pleaded guilty to one count of conspiring to manufacture and distribute methamphetamine and to distribute cocaine between October 1986 and June 1989, in exchange for the dismissal of two other counts. At the guilty plea hearing, the district court advised Watkins that the applicable statutory sentencing range was a minimum of five years and a maximum of forty years imprisonment. The district court sentenced Watkins to ninety months imprisonment with a four-year term of supervised release. Approximately one year later, Watkins filed a "Motion for Modification of Sentence," claiming the government breached the plea agreement. Watkins sought specific performance of his attorney's alleged assurance that he would receive a four-year sentence.
 
 
 3
 The district court noted that the motion was filed pursuant to Federal Rule of Criminal Procedure 35(b) and denied it, stating that the Sentencing Guidelines established a sentencing range of 87 to 108 months and that the 90-month sentence was appropriate under the circumstances of the case.
 
 
 4
 On appeal Watkins correctly acknowledges that neither the version of Rule 35(b) effective between November 1, 1987 and December 1, 1991, nor the version of Rule 35(b) effective before November 1, 1987, applies. Moreover, his contention that the district court should have used its "inherent power" to reduce the sentence is without merit. Thus, because Watkins is not entitled to relief under Rule 35(b), we affirm the district court's denial of the motion for modification of sentence. We note that the district court's order is without prejudice to any relief Watkins may seek in the future under 28 U.S.C. § 2255.
 
 
 
 [1]
 The HONORABLE GARNETT THOMAS EISELE, Senior United States District Judge for the Eastern District of Arkansas